## RAFTER v STATE

Ohio Appeals, 4th Dist, Scioto Co

Decided Feb. 18, 1929

William J Meyers, Portsmouth, for Rafter.

Dustin W Gustin, Pros Atty, Portsmouth, for State.

MIDDLETON, PJ.

It may be said that the action of the court in selecting the grand jurors to be summoned as aforesaid was not warranted or authorized by any provision of the statute law of. this state. The only provision of the General Code authorizing the impanelling of a new jury after the regular grand jury has been discharged is **Section 13,568.** By the provisions of that section the power and authority of a judge of the court is limited to the making of an order to the sheriff to call together from bystanders and neighboring citizens a new grand jury. The agency fixed by that statute which is empowered to select the persons to be called as jurors is the sheriff of the county and not the Judge of the Court of Common Pleas. It has been frequently held that the statute permitting a challenge to the array is permissive only and that it is always addressed to the sound discretion of the court. We are not disposed to question this general rule, but when the challenge is based upon the claimed wrongful or unlawful act of the court itself such act should have some legal support or it should be set aside and the challenge sustained. **Cleveland Railway Co. v. Brescia, 100 Ohio St. 267, 271.**

The doctrine of the case cited controls in the instant case. To hold that the court could overrule a challenge to the array because the right to grant it was discretionary would be to hold that the provision of Section 13,568 aforesaid was directory only and that the legislature did not intend the operation of said section to be exclusive. We are not prepared to give this construction to that section. The right under it to call and name the members of a proposed new grand jury is given in plain terms to the sheriff of the county and it is not by any possible interpretation given to the Judge of the Court of Common Pleas.

For overruling the challenge to the array the judgment of the Common Pleas Court is reversed, and the indictment being invalid the plaintiff in error is discharged from custody.

Mauck and Blosser, JJ, concur.